UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-61332-VALLE

LUTRICIA LUSHAN BROWN ALLEN,

    Plaintiff,

v.

STATE OF FLORIDA,
DEBORAH CARPENTER-TOYE,
RAVEN HALLOWAY,
JOHN DOE,

    Defendants.
_____/

**OMNIBUS ORDER ON PROCEDURAL MOTIONS AND DISMISSING COMPLAINT**

THIS CAUSE comes before the Court upon pro se Plaintiff's: (i) Complaint for Violation of Civil Rights (ECF No. 1); (ii) Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) ("Plaintiff's IFP Motion"); (iii) Demand to Dismiss and Suppress (ECF No. 10); and (iv) "Emergency Notice of Removal and Federal Demand for Accountability of State Court Participants Operating Beyond Article VI [sic] Authority" (ECF No. 17) (collectively, the "Motions").[1]  Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been randomly assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. (ECF No. 2).

Having reviewed the record, the Motions, and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** as set forth below.

---

[1] Plaintiff's Emergency Notice of Removal of Magistrate Judge and Demand for Article III Review (ECF No. 18) is handled by separate Order entered contemporaneously.

I. **PLAINTIFF'S COMPLAINT AND MOTION TO PROCEED IFP**

Plaintiff's Complaint revolves around an alleged traffic stop that occurred on November 25, 2024, and subsequent criminal proceedings pending in State court. *See generally* (ECF No. 1); *see also* (ECF Nos. 8, 9, 10, 11, 12). According to Plaintiff, she has been wrongly charged with resisting an officer without violence and failure to register a vehicle. *See* (ECF No. 1 at 4, 5); *see also* (ECF No. 1-2 at 3, 13) (including paperwork for State case No. 2500388MM10A pending in the Seventeenth Judicial Circuit in and for Broward County, Florida). Plaintiff further alleges that she sustained physical injuries during the arrest and was taken to the hospital, where she received treatment and subsequent therapy. (ECF No. 1 at 5). Plaintiff summarily alleges that her constitutional and aboriginal/indigenous rights were violated, and asserts claims against the State Court Judge, the State prosecutor, and the arresting officer, among others. *See generally* (ECF Nos. 1, 8, 9, 10, 11, 12).

Along with her initial Complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis in District Court Without Prepaying Fees or Costs alleging that she cannot pay the requisite filing fee. *See generally* (ECF No. 3). Subsequently, however, Plaintiff paid the $405 filing fee. *See* (ECF No. 6) (Clerks' Notice of Receipt). Plaintiff has also filed Notices of alleged service on the numerous Defendants. *See* (ECF Nos. 13-16). Accordingly, Plaintiff's IFP Motion is **DENIED AS MOOT**.

II. **PLAINTIFF'S COMPLAINT IS PROCEDURALLY DEFICIENT**

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Indeed, "[a] federal district court has the inherent power to dismiss a case

sua sponte under Rule 41(b)." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). Additionally, while Courts must construe pro se pleadings liberally, *Lacy v. BP P.L.C.*, 723 F. App'x 713, 715 (11th Cir. 2018), liberal construction of pro se pleadings "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining that courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Furthermore, vague and conclusory statements are insufficient under the Federal Rules. *Id.* at 678-79. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

That said, "[a] pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir.

3

2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to pro se filings, their filings must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a pro se litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after pro se litigant's noncompliance with court orders).

Here, even if this Court liberally construes Plaintiff's Complaint (as supplemented by the subsequent filings, *see, e.g.*, (ECF Nos. 8, 9, 10, 11, 12) (Supplemental Notices)), the Complaint is deficient for several reasons as set forth below.

A. *Failure to State a Claim*

First, the Complaint fails to properly state a claim. Although Plaintiff generally describes the purported events surrounding a traffic stop that occurred on November 25, 2024, and subsequent criminal proceedings in State court, Plaintiff does not sufficiently allege the elements of the various causes of action. *See generally* (ECF No. 1); *see also* (ECF No. 8 at 2) (referencing § 1983 violations for false arrest, false imprisonment, and deliberate indifference to medical needs; violations of the Fourth Amendment for excessive force; and violations of due process under the Fifth and Fourteenth Amendments, among other statutes); (ECF No. 9 at 2) (referencing, among other claims, judicial misconduct and "phantom charge prosecution").

To prevail in a civil rights action under § 1983, "a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity

4

secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). Similarly, to establish a Fourth Amendment claim for excessive force, a plaintiff "must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019). Likewise, procedural due process claims under the Fifth and Fourteenth Amendments require: "(i) a deprivation of a constitutionally protected liberty or property interest; (ii) government action; and (iii) constitutionally-inadequate process." *Alvarez v. U.S. Immigration & Customs Enf't*, 818 F.3d 1194, 1228 (11th Cir. 2016) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Here, Plaintiff's filings fail to meet the pleading requirements to state any of the referenced causes of action and the Complaint must be dismissed.

### B. Improper Fictitious Pleading Against John/Jane Does

Plaintiff also fails to sufficiently describe the "John and Jane Does" that she includes as Defendants. *See, e.g.*, (ECF No. 10, 11, 12). "As a general matter, fictitious-party pleading is not permitted in federal court." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (citation omitted). Plaintiffs may, however, sue real parties under fictitious names only when use of a "John Doe" label is, "at the very worst, surplusage" because the plaintiff's description of the defendant is "sufficiently clear to allow service of process." *Id.* (citations omitted). Here, Plaintiff has not described the John/Jane Doe defendants with any specificity to pursue claims against them. Accordingly, Plaintiff has not properly plead claims against John/Jane Does.

### C. Claims Barred by Judicial and Prosecutorial Immunity

Next, to the extent that Plaintiff is pursuing claims against the State court judge who presided over the State criminal proceedings (i.e., Judge Deborah Carpenter-Toye), *see*

(ECF No. 12 at 1), judicial immunity bars Plaintiff's claims.  More specifically, under Florida and federal law, judges are entitled to absolute judicial immunity from damages for acts taken in their judicial capacity unless they act in the absence of all jurisdiction.  *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *Knezevich v. Ptomey*, 761 F. App'x 904, 907 (11th Cir 2019); *Sibley v. Lando*, 437 F.3d 1067, 1072 (11th Cir. 2005)).  "Absolute immunity applies even when the judge's acts were in error, malicious, or in excess of his jurisdiction."  *Knezevich*, 761 F. App'x at 907.  Whether a judge's actions were made while acting in her judicial capacity depends on whether: (i) the act complained of constituted a normal judicial function; (ii) the events occurred in the judge's chambers or in open court; (iii) the controversy involved a case pending before the judge; and (iv) the confrontation arose immediately out of a visit to the judge in his judicial capacity.  *Id.*; *Sibley*, 437 F.3d at 1070; *see also Dean v. Chief Judge Jack Tuter*, No. 24-62169-WPD (S.D. Fla. Nov. 19, 2024) (ECF No. 4) (dismissing complaint based on absolute judicial immunity); *Austin v. Mullins*, No. 24-CV-14271, 2024 WL 4502258, at *2 (S.D. Fla. Sept. 10, 2024) (same); *Austin v. McCann*, No. 22-13157, 2023 WL 3335312, at *1 (11th Cir. May 10, 2023) (same); *Simonds v. Shearer*, No. 22-CV-118 (CAR), 2023 WL 274469, at *2 (M.D. Ga. Jan. 18, 2023) (same).  Moreover, a court may dismiss an action when the defense of judicial immunity is an obvious bar to a suit given the allegations, even if the defense has not been pled. *Sibley*, 437 F.3d at 1070 n.1 (citing *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001)).  Here, based upon a liberal reading of the Complaint (and subsequent filings), Plaintiff's claim against the State court judge is barred by judicial immunity.

Plaintiff's claims against the State prosecutor are similarly barred by prosecutorial immunity.  Prosecutors are immune from liability for damages for activities that are intimately

associated with the judicial phase of the criminal process. *Saville v. Webb*, No. 24-10998, 2025 WL 2254239, at *12 (11th Cir. Aug. 7, 2025) (citation omitted). Prosecutorial immunity extends to all actions that the prosecutor takes while performing her role as an advocate for the government, including the initiation and pursuit of criminal prosecution, all appearances before the court, examining witnesses, and presenting evidence. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Absolute immunity can cover "even wrongful or malicious acts by prosecutors." *Hart v. Hodges*, 587 F.3d 1288, 1298 (11th Cir. 2009) (per curiam). Against this legal background, the undesigned finds that Plaintiff's claims against the Assistant State Attorney (i.e., Raven Halloway) are barred by prosecutorial immunity.

### III. THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING

Moreover, even if read liberally, the collective filings suffer from several shotgun pleading deficiencies. The Eleventh Circuit has condemned the use of "shotgun pleadings." *Lugassy v. Bank or Am., N.A.*, No. 19-CV-61765, 2020 WL 9460216, at *2 (S.D. Fla. Mar. 6, 2020), *report and recommendation adopted*, 2020 WL 9460217 (S.D. Fla. Mar. 23, 2020). In general, shotgun pleadings fail to give a defendant adequate notice of the claims and the grounds upon which each claim rests. *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Plaintiffs who file shotgun pleadings are generally given an opportunity to remedy the deficient pleading. *Id.* at 1295; *see also Phillips v. City of W. Palm Beach*, No. 18-CV-80172, 2018 WL 3586179, at *4 (S.D. Fla. July 26, 2018) (granting leave to amend a shotgun complaint that had previously been amended to add defendants). Shotgun pleadings are disfavored because they "require the court to sift through rambling and often incomprehensible allegations [to] separate the meritorious claims from the unmeritorious, resulting in a 'massive waste of judicial and private resources.'" *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010)

(citation omitted); *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002); *Smith v. Est. of Smith*, No. 20-CV-62035, 2021 WL 7542938, at *3 (S.D. Fla. June 7, 2021), *report and recommendation adopted*, 2021 WL 8918984 (S.D. Fla. July 14, 2021).

Here, Plaintiff's Complaint is a shotgun pleading that: (i) does not separate each cause of action or claim for relief into separate counts; (ii) asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions; and (iii) includes Supplements alleging additional matters that are not in the initial Complaint. *Compare* (ECF No. 1), *with* (ECF Nos. 8, 9, 10, 11, 12).  Accordingly, the Complaint is dismissed.

Nonetheless, given Plaintiff's pro se status, **DISMISSAL IS WITHOUT PREJUDICE**. Plaintiff will have **one** opportunity to file a single and comprehensive Amended Complaint (on the proper form, attached hereto) to cure the above-noted deficiencies.  In the Amended Complaint, Plaintiff must state with specificity facts supporting each alleged constitutional violation.  In addition, each claim should be numbered in a separate paragraph and should use short and plain statements.  The factual allegations should state the constitutional violation as to each named Defendant and explain how and when that named Defendant committed the alleged violation. Plaintiff shall also specify the relief requested and why it should be granted.  Further, the Amended Complaint shall be verified (signed and dated) under penalty of perjury.  If additional pages are attached, Plaintiff must also verify the attachments under penalty of perjury.

Once the Amended Complaint is filed, it will supersede the initial Complaint and Supplement and will be the operative pleading in the case. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (citing *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982)).

## IV. PLAINTIFF'S DEMAND TO DISMISS AND SUPPRESS

Plaintiff has filed a document titled "Demand to Dismiss and Suppress." *See generally* (ECF No. 10). In summary fashion, Plaintiff seeks: (i) immediate dismissal of all charges against her with prejudice; (ii) suppression of evidence; (iii) return of seized property; and (iv) referral for sanctions against the arresting Officer for alleged "false statements." *Id.* at 2. Plaintiff's filing, however, fails to provide authority for the relief she seeks from this Court. Accordingly, this motion is **DENIED WITHOUT PREJUDICE**.

## V. PLAINTIFF'S DEMAND FOR ACCOUNTABILITY OF STATE COURT

Lastly, Plaintiff has also filed a document titled "Emergency Notice of Removal and Federal Demand for Accountability of State Court Participants Operating Beyond Article VI [sic] Authority." (ECF No. 17). Upon a liberal reading of this document, the undersigned construes this filing as a Motion to Stay the State Court proceedings.[2] In her filing, Plaintiff includes a Notice of Court Date for a hearing scheduled for December 9, 2025. *Id.* at 4. Plaintiff's arguments, however, are procedurally defective. Plaintiff did not remove the State court case to this federal court. Rather, Plaintiff commenced a separate federal proceeding alleging constitutional violations against Defendants. As noted above, Plaintiff's Complaint is deficient and must be amended. Moreover, based on the record before this Court, the undersigned finds no jurisdiction to stay the State court proceedings. Accordingly, Plaintiff's Motion to Stay is **DENIED**.

## VI. CONCLUSION

1.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for, among other things, failure to state a claim and as a shotgun pleading;

---

[2] Plaintiff argues that she has removed the State case (No. 25000388MM10A) to this federal court requiring that the State court "pause" proceedings until "an Article III judge remands. (ECF No. 17 at 1).

9

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **DENIED AS MOOT**;

3. Plaintiff's Demand to Dismiss and Suppress (ECF No. 10) is **DENIED**;

4. Plaintiff's "Emergency Notice of Removal and Federal Demand for Accountability of State Court Participants Operating Beyond Article VI [sic] Authority" (ECF No. 17), construed as a Motion to Stay the State Court proceedings, is **DENIED**.

5. On or before **November 21, 2025**, Plaintiff shall file an **Amended Complaint** providing a short and plain statement of the claim(s) with supporting facts against each named Defendant, a basis for federal jurisdiction, and a demand for judgment, curing the deficiencies identified above. A form complaint for violation of civil rights for non-prisoner is attached to this Order as **Exhibit 1.**

6. The Amended Complaint will be the Operative Complaint and should not incorporate by reference any previously filed Complaint. Plaintiff is further instructed that she must ensure that the Amended Complaint is mailed with sufficient time so that it reaches the Clerk of Court by the above filing deadline.

7. Plaintiff must label the Amended Complaint **"Amended Complaint"** and include **Case No. 25-CV-61332**.

8. The Amended Complaint must contain a separate, numbered paragraph as to each Defendant explaining what each named Defendant did, the supporting facts to show why that person is being sued, and the alleged constitutional violation. The Amended Complaint must also contain a request for relief.

9. Plaintiff must **verify** (i.e., sign and date) the Amended Complaint and any attachments under penalty of perjury.

10. Failure to timely file the Amended Complaint will result in dismissal of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on October 22, 2025.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Lutricia Lushan Brown Allen
1040 Park Drive
Fort Lauderdale, Florida 33312